O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGCS MARINE INSURANCE CO., <br><br> Plaintiff, <br> v. <br><br> KRIEGER AMERICAN TRANSPORTATION CO., LLC; KNIGHT PORT SERVICES LLC; EXPRESS TRANS, INC.; DOUBLE J TRUCK REPAIR, INC.; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 2:12-cv-04608-ODW(FMOx) <br><br> **ORDER TRANSFERRING VENUE [10]** |

This action involves a freight accident that occurred in Mojave County, Arizona. Plaintiff AGCS Marine Insurance Co., a California insurance corporation, sued Defendants on behalf of its subrogor, H.D. Buttercup Rugs, for cargo damaged or lost as a result of the accident. Defendants seek to dismiss or transfer AGCS's suit under Federal Rule of Civil Procedure 12(b)(3) to the United States District Court of Arizona, where a related action is pending.[1] Or alternatively, to transfer the action to the Arizona court under 28 U.S.C. § 1404(a) for *forum non conveniens*.[2]

---

[1] Although Defendants seek a dismissal under Federal Rule of Civil Procedure 12(b)(6), the Court interprets Defendants' motion as one under Federal Rule of Civil Procedure 12(b)(3).

[2] Having considered the papers filed in support of and in opposition to this motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## I. FACTUAL BACKGROUND

Defendant Krieger American Transportation Co., LLC removed this action from the Superior Court of California based on federal question jurisdiction. All of the Defendants are corporations that transport, store, and forward cargo. (Compl. ¶¶ 3–6.) Of the four named Defendants, three are California corporations with principal places of business in California, and the fourth is an Arizona corporation with a principal place of business in Arizona. (*Id.*)

Defendants accepted a cargo load in Hawthorne, California, to be transported to White Plains, New York. (*Id.* ¶ 9.) While en-route, Defendants' tractor-trailer was involved in an accident. (*Id.* ¶ 10.)

In November of 2011, an entity named Knight Brokerage, LLC, filed an action for declaratory relief in the United States District Court of Arizona, which names as parties all of the parties in this case. Knight Brokerage sued there based on the Carmack Amendment, which allows a civil action against a freight carrier to be brought in the federal district where the loss or damage allegedly occurred. 49 U.S.C. § 14706(d)(2).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(3), a case may be dismissed for improper venue. Venue in federal question cases is governed by 28 U.S.C. § 1391(b), which provides that venue is proper in any judicial district where any defendant resides if all defendants reside in the same state, or in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. §§ 1391(b)(1), (2). If there is no district in which the action may otherwise be brought, venue is proper in any judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(a)(3).

For venue purposes, a corporation resides in any judicial district where it would be subject to personal jurisdiction. 28 U.S.C. § 1391(c). In states such as California, which has more than one judicial district, a corporation is deemed to reside in any

district within the state with which its contacts would be sufficient to subject it to personal jurisdiction if the district were a separate state. 28 U.S.C. § 1391(c). Once a defendant has raised a timely objection to venue, the plaintiff has the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

When determining proper venue, a court can look beyond the pleadings of the claim, and does not have to take a plaintiff's factual allegations as true. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2003). But when the facts are disputed, the trial court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party. *Id.* at 1138.

If the court determines that venue is improper, it must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). And for a motion to transfer under 28 U.S.C. § 1404(a) for *forum non conveniens*, courts have broad discretion to adjudicate "according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

### III. DISCUSSION

AGCS contends that the Central District of California should retain jurisdiction of the suit. In support of this assertion, AGCS avers that the original transaction engaging Defendants to transport the cargo occurred in California, and that Defendants are either California corporations, have their principal place of business in California, or conduct significant business in California. (Opp'n 2.) Defendants move to dismiss or transfer venue to the District Court of Arizona on the premise that venue is proper there, and that there is already a related action pending before that court. (Reply 6; Mot. 4.)

It is undisputed that the purpose of this suit is to determine the responsibilities or obligations of all parties involved in the accident. (Opp'n 8; Mot. 3.) This accident occurred in Arizona, and under both the Carmack Amendment and 28 U.S.C.

§ 1391(b)(2), venue is proper in Arizona. Although this Court may be a proper venue under 28 U.S.C. § 1391(b)(1) based on the residency of the Defendants, the Arizona accident is central to the determination of venue. This lawsuit would not have been filed had the accident in Arizona not occurred. Moreover, all parties to the instant action—AGCS included—have already appeared in the Arizona action. (Opp'n 6.) And the Court finds that the issues in this case are identical to those in the Arizona action. These facts suggest that although venue is proper in this Court, the District of Arizona is a more convenient forum.

Defendants also urge transfer to the Arizona court under the first-to-file rule. (Mot. 4.) The first-to-file rule dictates that if two actions regarding the same or similar matters are filed in two separate courts, the first court retains authority to address arguments of *forum non conveniens*. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982). The purpose of the rule is to provide "comprehensive disposition of litigation" and to conserve judicial resources. *Id.* at 95. When applying the first-to-file rule, the second court should assume that the first court will "appropriately consider the convenience of the parties and witnesses." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). But the second court has broad discretion to stay, transfer, or dismiss the second pending action to allow the first court to decide the disposition of the actions. *Id.* at 628–29.

The Court finds that the first-to-file rule applies here. Under the first-to-file rule, unless it is clear the first court is incapable of determining the issues in the action, there is no reason the first court should not have leave to decide the issues before it. *Pacesetter*, 678 F.2d at 96. Consequently, only the District Court of Arizona may consider arguments under 28 U.S.C. § 1404(a) for *forum non conveniens*. Nevertheless, this Court may transfer this case to the District Court of Arizona under the first-to-file rule. *Alltrade*, 946 F.2d at 628–29. If the Arizona court later determines that this Court is the more convenient forum, then it may transfer both cases to this Court at that juncture.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion under Rule 12(b)(3), and **GRANTS** Defendant's Motion to Transfer under the first-to-file rule. Thus, this case is hereby transferred to the United States District Court for the District of Arizona. Parties must file a notice of related case with the Arizona court within 21 days of this order. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

August 6, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**